**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PAY-EASE LLC,
          Plaintiff                  *

     vs.                          *          Civil Action No.: AW-07-540

COBLER CORPORATION and      *
KENNETH COBLER,
          Defendants.        *

                         ******

## <u>MEMORANDUM OPINION</u>

Plaintiff Pay-Ease LLC brings this action against Defendants Kenneth Cobler and Cobler Corporation for breach of contract, conversion, replevin, unjust enrichment, destruction of property, and violation of the federal Digital Millennium Copyright Act. Currently pending before the Court is Defendants' Motion to Dismiss for Improper Venue or, alternatively, to Transfer to the Northern District of Illinois (Paper No. 7). The Court has reviewed the entire record, including the Pleadings with respect to the instant motion. A hearing on the Motion was held on June 21, 2007. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant Defendants' motion to dismiss.

### FACTUAL & PROCEDURAL BACKGROUND

On March 25, 2005, two Illinois corporations, Pay-Ease, Inc. and Defendant Cobler Corporation, entered into contract. Cobler Corporation is owned by Defendant Kenneth Cobler, who resides in Westchester, Illinois. The Operating Agreement between the corporations recognized two totally different remedies for disagreements and/or breach of contract:

1

emergency injunctive relief for irreparable harm and dispute settlement for disagreements.  The dispute settlement provisions required the parties to take certain steps to attempt to settle any disagreements.  These steps included  notice of breach, informal resolution between chief executive officers of the corporations, arbitration, and, eventually, a lawsuit in court.  The Operating Agreement is governed by and in accordance with the laws of the State of Illinois.

In March 2006, Plaintiff Pay-Ease, LLC, a Maryland corporation, acquired the assets of Pay-Ease, Inc.  Defendant specifically recognized that it was working with Plaintiff and no longer with Pay-Ease, Inc.  On April 7, 2006, Defendant released its consultants to work for Plaintiff.  From that time until March 2007, Defendant sent invoices to Plaintiff, in Maryland, and received payment from Plaintiff's Maryland bank account.  Throughout that time period, Defendant developed software for Plaintiff's kiosks in Illinois and Milwaukee, Wisconsin.

In August 2006, Plaintiff alleged Defendant to have inserted a Trojan horse into the software used by Pay-Ease to service kiosks in Milwaukee police stations.  Plaintiff alleged that the Trojan horse caused the software to shutdown on January 17, 2007.  Plaintiff then filed a Complaint in an Illinois state court (the "Illinois Complaint") requesting, among other things, a Temporary Restraining Order which would require Defendant to eradicate the alleged Trojan horse.  The Illinois court granted the TRO and ordered Defendant to remove the Trojan horse.  After being apprised of substantial defenses by Defendant, Plaintiff voluntarily dismissed the Illinois Complaint.  Defendant's attorneys asked for sanctions against Plaintiff, and the Illinois judge denied Defendant's request on April 18, 2007.

In November of 2006, Defendant demanded that Plaintiff pay $120,000 license what Defendant claimed was pre-existing software that Defendant developed prior to the Operating

Agreement.  Plaintiff paid Defendant $24,500 for software development services from April, 2006 to January, 2007.  In addition, Plaintiff paid Defendant $250 per kiosk that was activated using Defendant's software and a total of $5,600 in activation fees per the terms of the Operating Agreement.  Because the parties disputed the amounts owed to Defendant, Plaintiff requested, pursuant to the Operating Agreement, that the parties pursue arbitration.  Defendant refused to submit to arbitration.  Consequently, Plaintiff filed the instant lawsuit against Defendants Cobler Corporation and owner, Kenneth Cobler, on March 5, 2007.  Plaintiff's complaint alleges breach of contract, conversion, replevin, unjust enrichment, destruction of property, and a violation of the federal Digital Millennium Copyright Act.  Other than the breach of contract and federal claim, the allegations in the instant Complaint are substantially similar to those alleged in the Illinois Complaint.  Also, both Complaints arise out of the same set of facts.

## STANDARD OF REVIEW

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, accept as otherwise provided by law, be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  When venue is challenged, it is the burden of the plaintiff to prove that venue is proper in the forum state.  *Sheppard v. Jacksonville Marine Supply, Inc.*, 877 F. Supp.260, 269 (D.S.C. 1995).  This section does not require this Court to find that venue is proper in only one district.  *Id.*  "The fact that substantial activities took place in district B does not disqualify district A as proper venue as long as 'substantial' activities took place in A, too.  Indeed, district A should not be disqualified even if it is shown that the activities in district B were more substantial, or even most substantial."  *Id.*

3

**DISCUSSION**

Defendants argue that Plaintiff has engaged in impermissible forum shopping and should therefore be precluded from pursuing the instant action before this Court.  Plaintiff initially filed a Complaint in Illinois state court.  Although Plaintiff attempts to characterize the Illinois Complaint as simply a motion for temporary restraining order, it is clear to the Court that both the Illinois Complaint and the Complaint filed in this Court center around the same set of facts.  Specifically, both complaints allege that the software was designed to allow Plaintiff to carry out its contract with the City of Milwaukee and its kiosk system.  Plaintiff also claims that Defendant inserted a trojan horse into the software to shut down the service because Plaintiff refused to pay additional sums to Defendant.

Plaintiff voluntarily dismissed the Illinois suit, and refiled the action here.  When asked to explain its reasons for dismissing the Illinois suit, Plaintiff stated that the Illinois judge ordered Defendant to come in and remove the trojan horse from the software.  Afraid that Defendant would insert another trojan horse or do other harm to Plaintiff's software and equipment, Plaintiff decided to dismiss the suit rather than allow Defendant to enter its premises. In describing the essence of forum shopping, this Court has explained that "federal courts . . . do not serve as the backup forum when plaintiffs become dissatisfied with their original choice." *Meisel v. Besir Kemal Ustaoglu*, 2000 WL 33374486, *4-5 (D. Md. March 31, 2000).  Here, Plaintiff's reason for abandoning the Illinois forum seems to be a result of Plaintiff's dissatisfaction with or Plaintiff's lack of confidence in the Illinois court's ability to secure the relief Plaintiff desired.  The Court notes, without deciding, that this conduct does appear to have many of the trappings of forum shopping.

4

However, even if Plaintiff is not precluded from bringing this case in this Court on grounds of forum shopping, the facts of the case make clear that venue is not proper in the district of Maryland. No substantial part of the events giving rise to Plaintiff's claims occurred in Maryland. No tangible property in dispute is situated in Maryland. All of the computer programming, services and installations took place in Illinois and/or Wisconsin. The original contract was between two Illinois corporations. The contract itself is to be governed by Illinois law. Other than some payments and invoices that may have been made from Maryland, there are no other events occurring in Maryland that give rise to the claims alleged in Plaintiff's Complaint. Against that backdrop, the Court has little choice but to agree with Defendants that the "center of gravity" of this case is either in Illinois or Wisconsin, but certainly not in Maryland. As such, the Motion to Dismiss for Improper Venue must be granted.[1]

## CONCLUSION

For all of the reasons stated above, the Court will GRANT Defendants' Motion to Dismiss for Improper Venue (Paper No. 7). An Order consistent with this Opinion will follow.

Date: <u>June 26, 2007</u>                                      <u>                /s/                </u>
                                                                Alexander Williams, Jr.
                                                                United States District Judge

---

[1] Because the Court believes that venue is improper in this district, the Court need not address Defendants' arguments in favor of transfer of this action to the Northern District of Illinois under 28 U.S.C. § 1404.

5